[No. 2344–2. Division Two. June 14, 1977.]

THE STATE OF WASHINGTON, *Respondent,* v. GARY SCOTT ROSE, *Appellant.*

*Richard A. Headrick,* for appellant (appointed counsel for appeal).

*Craig A. Ritchie, Prosecuting Attorney,* for respondent.

PETRIE, C.J.—The defendant, Gary Scott Rose, was convicted of the crimes of second–degree burglary and petty larceny. On appeal, he challenges only the trial court's denial of his motion to suppress evidence seized from an automobile which was searched, without benefit of a search warrant, while it was parked in a police parking lot.

The essential facts leading up to the defendant's arrest and the search of the vehicle in which he was riding are not in dispute.

During the early morning hours of July 29, 1975, a local merchant and lifelong resident of the town of Clallam Bay noticed an unfamiliar car with out–of–state license plates parked in a strange location in that small town of 300 population. He observed that the car was a black, 1956 or 1957 Chevrolet station wagon with the right headlight damaged and held in place with white tape. He then saw two people running from the direction of a drug store toward the car. When they, in turn, saw this witness, they stopped running and started walking. One of the persons was carrying a sack. The other, shorter than the first, was wearing a hooded gray sweatshirt. The resident began to question them, but received no answers. Instead, the two got into the automobile and left town, and the resident immediately notified a deputy sheriff of the unusual activity.

Two hours later, at about 5:30 a.m., the drug store was discovered to have been burglarized. Later in the day a Washington State Patrol trooper, who had received a report that an automobile answering the above description was

being sought by the sheriff's office, stopped the vehicle and issued a traffic citation for defective equipment. The defendant was a passenger in that car. After releasing the vehicle and its occupants, he rechecked whether the vehicle was still being sought. Upon receiving an affirmative response, he again stopped the vehicle and requested the occupants to precede him to the Forks Police Department. Once in Forks, the car was parked in a city parking lot, and the occupants were asked to wait in one of the jail cells until a deputy sheriff arrived. However, they were not formally placed under arrest.

When the deputy arrived, he and the trooper approached the vehicle and saw a hooded sweatshirt on the front seat. The officers then searched the automobile and, in a recessed compartment, found the drugs which were later identified as having come from the burglarized drug store in Clallam Bay.

█ Without doubt, Mr. Rose was under arrest from the moment he and the other occupants of the car were "requested" to proceed to Forks. *State v. Byers*, 88 Wn.2d 1, 559 P.2d 1334 (1977). Clearly, the officers had probable cause to search the vehicle when it was stopped on the highway. *State v. Morsette*, 7 Wn. App. 783, 502 P.2d 1234 (1972). When officers have probable cause to search a vehicle, the search may be conducted without a warrant if exigent circumstances exist. *Chambers v. Maroney*, 399 U.S. 42, 26 L. Ed. 2d 419, 90 S. Ct. 1975 (1970). When an "immediate search" is not conducted, but rather the car is taken to the station house and then searched, the items seized will not be suppressed so long as probable cause still exists to search the vehicle. *Texas v. White*, 423 U.S. 67, 46 L. Ed. 2d 209, 96 S. Ct. 304 (1975).

In the case at bench, the probable cause to search continued to exist when the station wagon was searched. Indeed, the probable cause to search the vehicle was enhanced by the discovery of the sweatshirt on the front seat. The trial court properly denied the motion to suppress the evidence seized.

Judgment affirmed.

PEARSON and REED, JJ., concur.